(23 Misc. Rep. 441.)

## HARDY v. EAGLE.

(City Court of New York, General Term. April 25, 1898.)

NECESSARIES FURNISHED WIFE.
    If a husband abandons his wife, and fails to furnish her with necessaries, she has a right to bind his credit for all necessaries supplied for her own use and that of their minor children, including medical services in sickness.

Appeal from trial term.

Action by S. Olin Hardy against Clifford F. Eagle. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Albert W. Seaman, for appellant.

Willis P. Dowd, for respondent.

FITZSIMONS, C. J. The plaintiff, a physician, rendered professional services to defendant's wife and minor son. At the time of the rendition of such services, defendant and his wife were living apart. Upon the trial it was claimed by defendant that his wife had deserted him, and compelled him to leave her home. The testimony of defendant's wife showed that defendant had abandoned her, leaving her no means for support, and that he failed to supply the necessaries of life. Certainly, it was the duty of defendant to furnish his wife and minor children with all necessary food, clothing, medical services, home, and other essentials of life. This duty continued until death or the law absolved him. The law would free him from the performance of this obligation in case his wife, without sufficient cause, left him. If he left her, she had a right to bind his credit for all necessaries supplied her

for her own use and the use of their minor children. Therefore, in this action, if plaintiff succeeded in establishing the fact that the defendant had abandoned his wife, and failed to furnish her with necessaries, which, as before stated, included doctor's services, he had a right to recover from defendant the value of such services. Upon the question of the abandonment of his wife by the defendant, there was considerable conflict of testimony; but we think that the jury were justified in finding that the defendant was at fault; that he, and not his wife, was the wrongdoer; and that he had abandoned her, and failed to provide her with any means. Having so found, of course plaintiff was entitled to the value of the services rendered defendant's wife and minor son.

Finding no error, the judgment must be affirmed, with costs.

O'DWYER, J., concurs.